# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**THE LASALLE GROUP, INC.**, a
Michigan corporation,

      Plaintiff,

                No. 12-cv-10821
vs.                 Hon. Gerald E. Rosen

**LYNN PENDLETON**, an individual,

      Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

### I.  INTRODUCTION

  This is a simple case arising out of a subcontracting agreement between Plaintiff LaSalle Group and non-party Tiger Masonry (Tiger). Defendant Lynn Pendleton owned Tiger and in his individual capacity, personally guaranteed Tiger's compliance with the Subcontract Agreement. Tiger did not fulfill its obligations under the Subcontract Agreement and Plaintiff now seeks to recover the just under one million dollars remaining on the Subcontract Agreement pursuant to Defendant's Personal Guaranty under a breach of contract theory. Plaintiff also asserts that Defendant fraudulently signed his then-wife's name on the Personal Guaranty and is therefore liable for fraudulent misrepresentation. Discovery has now closed and Plaintiff has moved for summary judgment. Having

reviewed and considered the parties' briefs and supporting documents and the entire record of this matter, the Court has determined that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Plaintiff's motion "on the briefs." See L.R. 7.1(f)(2). This Opinion and Order sets forth the Court's ruling.

## II. PERTINENT FACTS

A. **Subcontract Agreement between Plaintiff and Tiger, and Defendant's Personal Guaranty with Plaintiff**

Plaintiff is a general contractor. It is a Michigan corporation with its principal place of business in Canton, Michigan. (Plf's Am. Compl., Dkt. # 18, at ¶ 1). In September 2008, Plaintiff entered into a Subcontract Agreement with Tiger for a masonry project in the Gulfport School District in Gulfport, Mississippi. (*Id.* at ¶¶ 7, 14). At the time of the Subcontract Agreement, Defendant was either an owner or otherwise had an interest in Tiger. (*Id.* at ¶ 8). Pursuant to the Subcontract Agreement, Defendant and his then-wife, Marcia L. Green f/k/a/ Marcia L. Pendleton (Green), entered into a Personal Guaranty with Plaintiff. (*Id.* at ¶¶ 6, 7). Defendant is a Mississippi resident. (*Id.* at ¶ 2).

Under the terms of the Personal Guaranty, Defendant and Green agreed to "absolutely, unconditionally and irrevocably guarantee to LaSalle the full and complete performance of all of [Tiger]'s obligations under the [Subcontract]

Agreement." (Ex. 2 to Plf's Mtn., Dkt. 1-3, at ¶ 1). The Personal Guaranty also contained the following attorney's fees provision and forum-selection clause:

> In the event any action or proceeding be brought by LaSalle to enforce this Guaranty, or LaSalle appears in any action or proceeding in any way connected with or arising out of this Guaranty, then and in any such event, the Guarantor shall pay to LaSalle reasonable attorney's fees, if LaSalle is successful in obtaining any judgment, recovery or monies of any kind, notwithstanding that it may not be the full amount LaSalle requested. The Guarantor in any suit brought under this Guaranty does hereby submit to the jurisdiction of the courts of the State of Michigan and to venue in the circuit courts of Oakland County, Michigan and the Federal District Court for the Eastern District of Michigan and venue therein.

(*Id.* at ¶ 6). Plaintiff entered into the Subcontract Agreement with Tiger based upon the understanding that both Defendant and Green "would sign a personal guaranty for Tiger's obligations under the subcontract." (Plf's Am. Compl., Dkt. # 18, at ¶ 25). Accordingly, and in consideration for the Personal Guaranty, Plaintiff waived "its requirement that [Tiger] obtain a payment and performance bond with respect to the [Subcontract] Agreement." (Ex. 2 to Plf's Mtn., Dkt. 1-3, at 1).

There is, however, one problem with the Personal Guaranty. It is signed by both Defendant and Green, but Green did not actually sign the Personal Guaranty. (Ex. 3 to Plf's Mtn., Dkt. # 37-4, at ¶¶ 5-6). Rather, Defendant signed Green's name without her permission. (Ex. 7 to Plf's Mtn., Dkt. # 37-8, at 71-73).

3

**B.     Defendant's Breach of the Personal Guaranty and Procedural History**

Tiger ultimately defaulted on the Subcontract Agreement and Plaintiff obtained a Judgment against Tiger in Wayne County Circuit Court in the amount of $952,115.44. (Ex. 1 to Plf's Mtn., Dkt. # 37-2). This Judgment remains unpaid and Defendant admits to having defaulted under the terms of the Personal Guaranty. (Plf's Am. Compl., Dkt. # 18, at ¶ 19; Ex. 4 to Plf's Mtn., Dkt. # 37-5, at 15-16; June 28, 2013 Order, Dkt. # 34). Accordingly, Plaintiff commenced this litigation and advances breach of contract and fraudulent misrepresentation causes of action against Defendant.[1] Plaintiff has now moved for summary judgment, to which Defendant has not responded despite an order from this Court.

### III.   DISCUSSION

**A.     Applicable Standards**

Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Supreme Court has explained, "the plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*

---

[1] Plaintiff's original complaint also named Green as an individual Defendant, but Plaintiff subsequently stipulated to her dismissal without prejudice. (Dkt. # 13).

*v. Catrett*, 477 U.S. 317, 322 (1986). In addition, where a moving party -- here, Plaintiff -- seeks an award of summary judgment in its favor on a claim or issue as to which it bears the burden of proof at trial, this party's "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (internal quotation marks, citation, and emphasis omitted).

In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party. *Pack v. Damon Corp.*, 434 F.3d 810, 813 (6th Cir. 2006). Yet, the nonmoving party may not rely on mere allegations or denials, but must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed." Fed. R. Civ. P. 56(c)(1). But, "the mere existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment." *Pack*, 434 F.3d at 814 (alteration, internal quotation marks, and citation omitted).

Although Defendant did not respond to Plaintiff's Motion for Summary Judgment, such a failure is not the end of this Court's inquiry. The Sixth Circuit has held that a party's failure to respond to an opponent's motion for summary judgment should not by itself warrant a grant of summary judgment. *Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991). The *Carver* panel stated:

> As the Supreme Court has repeatedly held, "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by

5

> counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Additionally, under Rule 56(c) a party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact . . . . Although subsequent Supreme Court cases have redefined the movant's initial burden . . . the requirement that the movant bears the initial burden has remained unaltered. More importantly for all purposes, the movant must always bear this initial burden regardless if an adverse party fails to respond. In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

*Id*. at 454-55 (citations omitted).

Finally, a federal court sitting in diversity must apply the choice of law rules of the forum state. *Uhl v. Komatsu Forklift Co.,* 512 F.3d 294, 302 (6th Cir. 2008). "Otherwise[,] the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 74-77 (1938)). As Michigan is the forum state, this court must apply the choice of law provisions that Michigan state courts would apply when interpreting Plaintiff's claims.

## B. Plaintiff's Breach of Contract Claim

Where, as here, a contract does not include a choice of law provision, "the Michigan Supreme Court [has] endorsed the approach found in the Restatement (Second) of Conflict of Laws." *Uhl*, 512 F.3d at 302. That is, a court should

"balance the expectations of the parties to a contract with the interests of the states involved to determine which state's law to apply" by considering the following factors: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil[e], residence, nationality, place of incorporation and place of business of the parties." *Id.*; *see also Mill's Pride, Inc. v. Continental Ins. Co.*, 300 F.3d 701, 704-06 (6th Cir. 2002). In this case, it is undisputed that either Michigan or Mississippi has an interest in the parties' Personal Guaranty.

Though the Court is mindful of the above considerations, a detailed analysis as to what state's contract law applies is not required. Regardless of whether Michigan or Mississippi law applies, the result remains the same: Defendant is liable for breach of the Personal Guaranty. In both states, a plaintiff claiming breach of contract must establish the standard three elements: (1) existence of a contract, (2) a breach by the defendant, and (3) damages sustained as a result of the breach. *See, e.g., In re Brown,* 342 F. 3d 620, 628 (6th Cir. 2003) (applying Michigan law); *Warwick v. Matheney,* 603 So. 2d 330, 336 (Miss. 1992), overruled by *Bus. Comm. Inc., v. Bank,* 90 So. 3d 1221, 1225 (Miss. 2012).[2] Here, Plaintiff

---

[2] After the events of this lawsuit, Mississippi's Supreme Court held in *Business Communications* that "[m]onetary damages are a remedy for, not an element of, breach of contract." 90 So. 3d at 1225. Even if this new standard applies, that Mississippi does not require proof of damages as an element of breach of contract is of no consequence.

has presented more than enough evidence sufficient to establish that Defendant is liable for breaching the Personal Guaranty. In signing the Personal Guaranty, Defendant agreed to be personally liable for any and all of Tiger's obligations arising under the Subcontract Agreement. One of those obligations became due when the Wayne County Circuit Court entered Judgment against Tiger for the breach of the Subcontract Agreement. Because Defendant has not satisfied this Judgment, he has breached the Personal Guaranty. Therefore, summary judgment in favor of Plaintiff in the amount of $952,115.44 is appropriate, plus Plaintiff's reasonable attorney fees in connection with this instant litigation.[3]

## C. Plaintiff's Fraudulent Misrepresentation Claim

"Generally speaking, a tort claim filed in a Michigan court will be governed by Michigan law unless a rational reason exists to displace it." *Gass v. Marriott Hotel Servs., Inc.,* 558 F.3d 419, 425 (6th Cir. 2009) (citation and internal quotations omitted). Here, Plaintiff predicates its fraudulent misrepresentation claim on the fact that Defendant signed Green's name on the Personal Guaranty. Though the record is unclear *where* Defendant did this, it is clear that there is not a

---

[3] Though Plaintiff asserts that it is entitled to fees in connection with obtaining the Judgment against Tiger, an award of such fees is not appropriate. Under the Personal Guaranty, Plaintiff is entitled to reasonable attorney's fees if it brings an action to enforce the Personal Guaranty -- i.e., this litigation -- or "appears in any action or proceeding in any way connected with or arising out of th[e] [Personal] Guaranty." The state court litigation against non-party Tiger was connected with and arose out of the Subcontract Agreement, not the Personal Guaranty, and therefore attorney's fees for that litigation are not appropriate.

8

rational reason to displace Michigan law in favor of Mississippi's tort law (or any other state for that matter). Plaintiff is a Michigan corporation and feels the effects of Defendant's alleged fraudulent misrepresentation here. *Allmand Assoc., Inc. v. Hercules Inc.*, 960 F. Supp. 1216, 1222 n.3 (E.D. Mich. 1997); *see also Imaging Fin. Servs. v. Lettergraphics/Detroit, Inc.*, 1999 WL 115473, at *3 (6th Cir. Feb. 9, 1999). And, even if there was a rational reason to displace Michigan law, the elements for fraudulent misrepresentation in Mississippi and Michigan are not materially different.

To establish a claim for fraudulent misrepresentation, Plaintiff must prove: "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Titan Ins. Co. v. Hyten,* 491 Mich. 547, 555 (2012) (citation omitted); *see also Holland v. Peoples Bank & Trust Co.*, 3 So. 3d 94, 100 (Miss. 2008). As with Plaintiff's breach of contract claim, it is clear that Plaintiff has presented more than enough evidence sufficient to establish that Defendant is liable for fraudulent misrepresentation. Defendant intentionally and falsely represented to Plaintiff that Green had agreed to the Personal Guaranty by way of forging her signature. Such a misrepresentation was

material to Plaintiff entering into the Subcontract Agreement, Plaintiff relied upon this misrepresentation by hiring Tiger to perform the subcontracting work without a performance bond, and was subsequently injured. Accordingly, Plaintiff is entitled to summary judgment on its fraudulent misrepresentation claim.

## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [Dkt. # 37] is GRANTED.

IT IS FURTHER ORDERED that Defendant shall compensate Plaintiff for its damages in the amount of $952,115.44, plus reasonable attorney fees incurred in this action.

**IT IS SO ORDERED.**


Dated: February 26, 2014       s/Gerald E. Rosen
                               GERALD E. ROSEN
                               CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 26, 2014, by electronic and/or ordinary mail.

                               s/Holly Monda for Julie Owens
                               Case Manager, 313-234-5135